11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bryant A. BROWN, a/k/a Brian, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5166.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and PRATT,* Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Bryant A. Brown, appearing pro se, appeals from a May 25, 1993, judgment of the United States Court of Federal Claims, Moody R. Tidwell, Judge, dismissing his complaint for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The plaintiff, Bryant A. Brown, filed a complaint against several federal judges, various members of Congress, the Federal Bureau of Investigation, and numerous divisions and employees of the Department of Justice, alleging violations of the Privacy Act, 5 U.S.C. Sec. 552 et seq. Brown sought over $3 million in damages for "failure to disclose, or otherwise publish the opinion-order" in a previous action for impeachment he had brought against a judge of the United States District Court for the District of Columbia. Brown is currently incarcerated in Lorton, Virginia.
 
 
 3
 On May 25, 1993, Judge Tidwell dismissed Brown's complaint with prejudice, noting that it failed to allege a basis for the Court of Federal Claims to assert jurisdiction under the Tucker Act, 28 U.S.C. Sec. 1491 et seq. Brown attempted to move for reconsideration, but his motion was returned unfiled, because he had failed to comply with Rule 59(b) of the Rules of the Court of Federal Claims, which required his motion to be filed "not later than ten days after the entry of the judgment."
 
 
 4
 Focusing first on the allegations in Brown's complaint as the basis for jurisdiction, we are satisfied that Judge Tidwell's dismissal of the complaint was clearly correct, because the Court of Federal Claims has not been granted jurisdiction to review the procedures or internal rules of another tribunal.
 
 
 5
 In his appeal papers, however, Brown asserts an additional possible basis for jurisdiction. Normally we would not consider an argument not presented to the trial court, but in view of Brown's pro se status, we think it appropriate to discuss, as well, his new jurisdictional claim. A few years ago Brown filed numerous complaints in the United States District Court for the District of Columbia. In May 1989 the Office of the Corporation Counsel for the District of Columbia sent him a letter proposing a cash settlement to dispose of several of his claims. It is unclear on the record before us whether the impeachment claim that ended in the unpublished order was among those that the District of Columbia government offered to settle.
 
 
 6
 In any event, Brown now argues that the corporation counsel's letter confers jurisdiction upon the Court of Federal Claims, presumably as an "express or implied contract with the United States". See 28 U.S.C. Sec. 1491(a)(1).
 
 
 7
 Brown, however, does not allege that he accepted the corporation counsel's settlement offer, and without an acceptance, there could be no contract. Furthermore, any alleged contract would be with the District of Columbia, not the Federal Government. Therefore, this case does not fall within the "express or implied contract" provision of 28 U.S.C. Sec. 1491(a)(1). By no stretch of imagination does Brown's complaint fall within any other portion of the statute authorizing jurisdiction in the Court of Federal Claims. Accordingly, the complaint was properly dismissed.
 
 
 8
 The judgment of the Court of Federal Claims is affirmed.
 
 
 
 *
 The Hon. George C. Pratt, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation